UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. **16-20318**

18 U.S.C. § 371
18 U.S.C. § 152(7)
18 U.S.C. § 152(1)
18 U.S.C. § 152(2)
18 U.S.C. § 981(a)(1)(C)

**CR-MARTINEZ**

**GOODMAN**

UNITED STATES OF AMERICA

vs.

WALTER ALEXANDER LISTA,

Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all material times to this Indictment:

1. Individuals who file for bankruptcy are known under federal bankruptcy law as "debtors."

2. Bankruptcy is a process by which debtors obtain relief from their "creditors." Creditors are individuals, businesses, and government agencies who are owed money by the debtor. The bankruptcy process is designed to achieve the orderly distribution to creditors of available assets of the debtor that are truthfully disclosed. The bankruptcy process also provides a fresh start to debtors by allowing them to obtain a "discharge" of debts, that is, an order that releases the debtors from further personal liability for specified types of debts.

3. Debtors may file for one of several different types of bankruptcy, commonly

referred to as chapters. One of these types of bankruptcy is known as "Chapter 7." A Chapter 7 bankruptcy is a liquidation bankruptcy. Under Chapter 7 of the Bankruptcy Code, a "trustee" is appointed by the Bankruptcy Court to administer the case by marshalling and then liquidating all assets of the debtor in order to maximize recovery for creditors.

4.  The United States Trustee oversees the administration of all bankruptcy cases and private trustees, including Chapter 7 trustees.

5.  A debtor seeking shelter under bankruptcy laws must disclose all potential property and assets, whether worthless or not, whether in the debtor's name or in another's name, to creditors, the Chapter 7 trustee, the United States Trustee, and, ultimately, the United States Bankruptcy Court. The assets of a debtor, including all property or interests in property owned by the debtor, comprise what is called the "bankruptcy estate." Debtors are also required to disclose all liabilities and debts owed to creditors.

6.  Debtors are also required to file a Statement of Financial Affairs ("SOFA") with their petition for bankruptcy. The SOFA requires debtors to "[l]ist all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case." (Emphasis in original.) In submitting the SOFA, debtors must execute a "Declaration Under Penalty of Perjury by Individual Debtor," which provides the following declaration by the debtor: "I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and my attachments thereto and that they are true and correct."

7.  Precast Depot, Inc. was a Florida corporation with its principal place of business at 11102 NW South River Drive, Medley, Florida. Defendant **WALTER ALEXANDER**

**LISTA** was the Vice President of the company.

8.      Precast Manufacturing of Medley, Inc. was a Florida corporation with its principal place of business at 11100 NW South River Drive, Medley, Florida. A co-conspirator was the President of the company.

9.      Fern Street Properties, L.L.C. was a Florida limited liability company with its principal office at 12080 S.W. 127 Avenue, Miami, Florida. **WALTER ALEXANDER LISTA** was one of the company's Members.

10.     On or about May 30, 2013, in Miami-Dade County, in the Southern District of Florida, **WALTER ALEXANDER LISTA** filed a personal Chapter 7 bankruptcy as debtor captioned In re: WALTER ALEXANDER LISTA, Bankruptcy Case No. 13-22662-BKC-AJC, in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Filing"). In his Bankruptcy Filing, **W.A. LISTA** claimed that he had $3,476,085.36 in assets and $9,417,695.27 in liabilities.

11.     On or about June 20, 2013, in Miami-Dade County, in the Southern District of Florida, **WALTER ALEXANDER LISTA** amended the Statement of Financial Affairs of his May 14, 2013 bankruptcy filing (the "First Amended Filing"). In the First Amended Filing, **W.A. LISTA** claimed liabilities owed to creditors of approximately $10,482,726.07. **W.A. LISTA** also claimed available, non-exempt assets of approximately $2,515,038.00.

12.     On or about June 20, 2013, in Miami-Dade County, in the Southern District of Florida, **WALTER ALEXANDER LISTA** amended Schedule B of his May 14, 2013 bankruptcy filing (the "Second Amended Filing"). In the Second Amended Filing, **W.A. LISTA** claimed liabilities owed to creditors of approximately $10,533,497.04. **W.A. LISTA** also claimed available, non-exempt assets of approximately $2,515,038.00.

13. On or about July 9, 2013, in Miami-Dade County, in the Southern District of Florida, **WALTER ALEXANDER LISTA** again amended the Statement of Financial Affairs of his May 14, 2013 bankruptcy filing (the "Third Amended Filing"). In the Third Amended Filing, **W.A. LISTA** claimed liabilities owed to creditors of approximately $10,533,497.04 and available, non-exempt assets of approximately $2,515,038.00.

14. On or about July 26, 2013, in Miami-Dade County, in the Southern District of Florida, **WALTER ALEXANDER LISTA** again amended Schedule B of his May 14, 2013 bankruptcy filing (the "Fourth Amended Filing").

15. On or about February 21, 2014, in Miami-Dade County, in the Southern District of Florida, **WALTER ALEXANDER LISTA** filed a Motion to Waive Discharge.

16. On or about February 25, 2014, in Miami-Dade County, in the Southern District of Florida, the bankruptcy court granted **WALTER ALEXANDER LISTA's** Motion to Waive Discharge.

## COUNT 1
### Conspiracy to Fraudulently Conceal and Transfer Property
### In Connection With a Case Under Title 11
### (18 U.S.C. § 371)

1. Paragraphs 1 through 16 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around March 2012, through in or around May 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**WALTER ALEXANDER LISTA,**

did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, in a

4

personal capacity and as agent of another person, in contemplation of a case under title 11 by **WALTER ALEXANDER LISTA**, and with the intent to defeat the provisions of title 11, to knowingly and fraudulently transfer and conceal, and cause to be transferred and concealed, the property of **W.A. LISTA**, that is: (i) a 1997 Jeep Wrangler; and (ii) a thirty-four foot boat named the "Isabella," in violation of Title 18, United States Code, Section 152(7).

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy for the defendant and his co-conspirators to falsely and fraudulently transfer and conceal property and to falsely and fraudulently declare bankruptcy to avoid paying moneys owed to creditors of **WALTER ALEXANDER LISTA**.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the purpose and object thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about May 3, 2013, **WALTER ALEXANDER LISTA** transferred title of the Jeep Wrangler to a co-conspirator.

2. On or about May 8, 2013, **WALTER ALEXANDER LISTA** transferred title of the thirty-four foot boat named the "Isabella" to a co-conspirator.

3. On or about May 30, 2013, **WALTER ALEXANDER LISTA** failed to disclose the transfer of the Jeep Wrangler to a co-conspirator, in the Bankruptcy Filing.

4. On or about May 30, 2013, **WALTER ALEXANDER LISTA** failed to disclose the transfer of the Isabella to a co-conspirator, in the Bankruptcy Filing.

5. On or about June 20, 2013, **WALTER ALEXANDER LISTA** failed to disclose the transfer of the Jeep Wrangler to a co-conspirator, in the First Amended Filing.

6. On or about June 20, 2013, **WALTER ALEXANDER LISTA** failed to disclose the transfer of the Isabella to a co-conspirator, in the First Amended Filing.

7. On or about June 20, 2013, **WALTER ALEXANDER LISTA** failed to disclose the transfer of the Jeep Wrangler to a co-conspirator, in the Second Amended Filing.

8. On or about June 20, 2013, **WALTER ALEXANDER LISTA** failed to disclose the transfer of the Isabella to a co-conspirator, in the Second Amended Filing.

9. On or about July 9, 2013, **WALTER ALEXANDER LISTA** failed to disclose the transfer of the Jeep Wrangler to a co-conspirator, in the Third Amended Filing.

10. On or about July 9, 2013, **WALTER ALEXANDER LISTA** failed to disclose the transfer of the Isabella to a co-conspirator, in the Third Amended Filing.

11. On or about July 9, 2013, **WALTER ALEXANDER LISTA** falsely testified under oath in a 341 bankruptcy meeting conducted by counsel for the bankruptcy trustee that the Jeep Wrangler was never titled in his name.

12. On or about July 26, 2013, **WALTER ALEXANDER LISTA** failed to disclose the transfer of the Jeep Wrangler to a co-conspirator, in the Fourth Amended Filing.

13. On or about July 26, 2013, **WALTER ALEXANDER LISTA** failed to disclose the transfer of the Isabella to a co-conspirator, in the Fourth Amended Filing.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Fraudulent Transfer and Concealment of Property in Contemplation of a Case Under Title 11
### (18 U.S.C. § 152(7))

On or about March 26, 2012, through on or about March 13, 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**WALTER ALEXANDER LISTA,**

in a personal capacity and as agent of another person, in contemplation of a case under title 11 by **WALTER ALEXANDER LISTA**, and with the intent to defeat the provisions of title 11, did knowingly and fraudulently transfer and conceal, and cause to be transferred and concealed, the property of **W.A. LISTA**, that is approximately $41,200 from his personal checking account at U.S. Century Bank Account to a bank account in the name of Precast Manufacturing of Medley, Inc. at Apollo Bank, in violation of Title 18, United States Code, Sections 152(7) and 2.

<u>**COUNT 3**</u>
**Fraudulent Transfer and Concealment of Property
in Contemplation of a Case Under Title 11
(18 U.S.C. § 152(7))**

On or about May 3, 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**WALTER ALEXANDER LISTA,**

in a personal capacity and as an agent of another person, in contemplation of a case under title 11 by **WALTER ALEXANDER LISTA**, and with the intent to defeat the provisions of title 11, did knowingly and fraudulently transfer and conceal, and cause to be transferred and concealed, the property of **W.A. LISTA**, that is, a 1997 Jeep Wrangler, in violation of Title 18, United States Code, Sections 152(7) and 2.

<u>**COUNT 4**</u>
**Fraudulent Transfer and Concealment of Property
in Contemplation of a Case Under Title 11
(18 U.S.C. § 152(7))**

On or about May 8, 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**WALTER ALEXANDER LISTA,**

in a personal capacity and as agents of another person, in contemplation of a case under title 11 by **WALTER ALEXANDER LISTA**, and with the intent to defeat the provisions of title 11, did knowingly and fraudulently transfer and conceal, and cause to be transferred and concealed, the property of **W.A. LISTA**, that is, a thirty-four foot boat named the "Isabella," in violation of Title 18, United States Code, Sections 152(7) and 2.

## COUNT 5
**Concealment of Property in Connection with a Case Under Title 11**
**(18 U.S.C. § 152(1))**

From on or about May 30, 2013, continuing through on or about February 21, 2014, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**WALTER ALEXANDER LISTA,**

in connection with a case under title 11, did knowingly and fraudulently conceal and cause to be concealed property belonging to the estate of the debtor, In re: WALTER ALEXANDER LISTA, Bankruptcy Case No. 13-22662-BKC-AJC, filed in the United States Bankruptcy Court for the Southern District of Florida, from creditors, the trustee, the United States Trustee, and the United States Bankruptcy Court, that is, his twenty percent (20%) ownership interest in Fern Street Properties, L.L.C., in violation of Title 18, United States Code, Sections 152(1) and 2.

## COUNT 6
**False Oath and Account in Relation to a Case Under Title 11**
**(18 U.S.C. § 152(2))**

On or about May 30, 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**WALTER ALEXANDER LISTA,**

knowingly and fraudulently made a false oath and account in and in relation to any case under title 11, In re: WALTER ALEXANDER LISTA, Bankruptcy Case No. 13-22662-BKC-AJC,

filed in the United States Bankruptcy Court for the Southern District of Florida, by failing to declare in Schedule B that he: (i) owned a 1997 Jeep Wrangler, (ii) owned a thirty-four foot boat named the "Isabella," and (iii) had partnership or joint venture interests in Fern Street Properties, L.L.C., when in truth and in fact, and as the defendant then and there well knew, he: (i) owned a 1997 Jeep Wrangler, (ii) owned a thirty-four foot boat named the "Isabella," and (iii) had partnership or joint venture interests in Fern Street Properties, L.L.C., in violation of Title 18, United States Code, Section 152(2).

### COUNT 7
### False Oath and Account in Relation to a Case Under Title 11
### (18 U.S.C. § 152(2))

On or about May 30, 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**WALTER ALEXANDER LISTA,**

knowingly and fraudulently made a false oath and account in and in relation to any case under title 11, In re: WALTER ALEXANDER LISTA, Bankruptcy Case No. 13-22662-BKC-AJC, filed in the United States Bankruptcy Court for the Southern District of Florida, by failing to declare in the Statement of Financial Affairs that, from on or about March 26, 2012, through on or about March 13, 2013, he transferred approximately $41,200 from his personal checking account at U.S. Century Bank to an account at Apollo Bank in the name of Precast Manufacturing of Medley, Inc., when in truth and in fact, and as the defendant then and there well knew, from on or about March 26, 2012, through on or about March 13, 2013, he transferred approximately $41,200 from his personal checking account at U.S. Century Bank to an account at Apollo Bank in the name of Precast Manufacturing of Medley, Inc., in violation of Title 18, United States Code, Section 152(2).

## COUNT 8
### False Oath and Account in Relation to a Case Under Title 11
### (18 U.S.C. § 152(2))

On or about May 30, 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### WALTER ALEXANDER LISTA,

knowingly and fraudulently made a false oath and account in and in relation to any case under title 11, In re: WALTER ALEXANDER LISTA, Bankruptcy Case No. 13-22662-BKC-AJC, filed in the United States Bankruptcy Court for the Southern District of Florida, by failing to declare in the Statement of Financial Affairs that he was an officer, director, partner or managing executive of Precast Depot, Inc., when in truth and in fact, and as the defendant then and there well knew, he was an officer, director, partner or managing executive of Precast Depot, Inc., in violation of Title 18, United States Code, Section 152(2).

## COUNT 9
### False Oath and Account in Relation to a Case Under Title 11
### (18 U.S.C. § 152(2))

On or about June 20, 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### WALTER ALEXANDER LISTA,

knowingly and fraudulently made a false oath and account in and in relation to any case under title 11, In re: WALTER ALEXANDER LISTA, Bankruptcy Case No. 13-22662-BKC-AJC, filed in the United States Bankruptcy Court for the Southern District of Florida, by failing to declare in the Statement of Financial Affairs of the First Amended Filing that, from on or about March 26, 2012, through on or about March 13, 2013, he transferred approximately $41,200 from his personal checking account at U.S. Century Bank to an account at Apollo Bank in the

name of Precast Manufacturing of Medley, Inc., when in truth and in fact, and as the defendant then and there well knew, from on or about March 26, 2012, through on or about March 13, 2013, he transferred approximately $41,200 from his personal checking account at U.S. Century Bank to an account at Apollo Bank in the name of Precast Manufacturing of Medley, Inc., in violation of Title 18, United States Code, Section 152(2).

## COUNT 10
### False Oath and Account in Relation to a Case Under Title 11
### (18 U.S.C. § 152(2))

On or about June 20, 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### WALTER ALEXANDER LISTA,

knowingly and fraudulently made a false oath and account in and in relation to any case under title 11, In re: WALTER ALEXANDER LISTA, Bankruptcy Case No. 13-22662-BKC-AJC, filed in the United States Bankruptcy Court for the Southern District of Florida, by failing to declare in the Schedule B of the Second Amended Filing that he: (i) owned a 1997 Jeep Wrangler, (ii) owned a thirty-four foot boat named the "Isabella," and (iii) had partnership or joint venture interests in Fern Street Properties, L.L.C., when in truth and in fact, and as the defendant then and there well knew, he: (i) owned a 1997 Jeep Wrangler, (ii) owned a thirty-four foot boat named the "Isabella," and (iii) had partnership or joint venture interests in Fern Street Properties, L.L.C., in violation of Title 18, United States Code, Section 152(2).

## COUNT 11
### False Oath and Account in Relation to a Case Under Title 11
### (18 U.S.C. § 152(2))

On or about July 9, 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**WALTER ALEXANDER LISTA,**

knowingly and fraudulently made a false oath and account in and in relation to any case under title 11, In re: WALTER ALEXANDER LISTA, Bankruptcy Case No. 13-22662-BKC-AJC, filed in the United States Bankruptcy Court for the Southern District of Florida, by failing to declare in the Statement of Financial Affairs of the Third Amended Filing that, from on or about March 26, 2012, through on or about March 13, 2013, he transferred approximately $41,200 from his personal checking account at U.S. Century Bank to an account at Apollo Bank in the name of Precast Manufacturing of Medley, Inc., when in truth and in fact, and as the defendant then and there well knew, from on or about March 26, 2012, through on or about March 13, 2013, he transferred approximately $41,200 from his personal checking account at U.S. Century Bank to an account at Apollo Bank in the name of Precast Manufacturing of Medley, Inc., in violation of Title 18, United States Code, Section 152(2).

## COUNT 12
### False Oath and Account in Relation to a Case Under Title 11
### (18 U.S.C. § 152(2))

On or about July 26, 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**WALTER ALEXANDER LISTA,**

knowingly and fraudulently made a false oath and account in and in relation to any case under title 11, In re: WALTER ALEXANDER LISTA, Bankruptcy Case No. 13-22662-BKC-AJC, filed in the United States Bankruptcy Court for the Southern District of Florida, by failing to declare in Schedule B of the Fourth Amended Filing that he: (i) owned a 1997 Jeep Wrangler, (ii) owned a thirty-four foot boat named the "Isabella," and (iii) had partnership or joint venture interests in Fern Street Properties, L.L.C., when in truth and in fact, and as the defendant then

and there well knew, he: (i) owned a 1997 Jeep Wrangler, (ii) owned a thirty-four foot boat named the "Isabella," and (iii) had partnership or joint venture interests in Fern Street Properties, L.L.C., in violation of Title 18, United States Code, Section 152(2).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for purposes of alleging criminal forfeiture to the United States of America of certain property in which the defendant has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 152, as alleged in this Indictment, the defendants, **WALTER ALEXANDER LISTA** and **A CO-CONSPIRATOR**, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
JONATHAN K. OSBORNE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| WALTER ALEXANDER LISTA, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **Defendant.** _____/ | |

**Superseding Case Information:**

**Court Division**: (Select One)

New Defendant(s)      Yes ____ No ____
Number of New Defendants ____
Total number of counts ____

X   Miami       ___ Key West
___ FTL         ___ WPB         ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No)   No
   List language and/or dialect  _____

4. This case will take   6-7   days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                            (Check only one)

   I    0 to 5 days      ___        Petty    ___
   II   6 to 10 days      X         Minor    ___
   III  11 to 20 days    ___        Misdem.  ___
   IV   21 to 60 days    ___        Felony    X
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   Yes ____   No  X

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   Yes ____   No  X

_____
JONATHAN K. OSBORNE
ASSISTANT UNITED STATES ATTORNEY
FLA BAR NO. 95693

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** WALTER ALEXANDER LISTA

**Case No:** _____

Count #: 1

Conspiracy to fraudulently transfer and conceal property in connection with a case under Title 11

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

Counts #: 2-4

Fraudulent transfer and concealment of property in connection with a case under Title 11

Title 18, United States Code, Section 152(7)

**\*Max. Penalty:** 5 Years' Imprisonment

Count #: 5

Concealment of property in connection with a case under Title 11

Title 18, United States Code, Section 152(1)

**\*Max. Penalty:** 5 Years' Imprisonment

Counts #: 6-12

False oath and account in relation to a case under Title 11

Title 18, United States Code, Section 152(2)

**\*Max. Penalty:** 5 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**