UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-20318-MARTINEZ/GOODMAN(S)

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

WALTER ALEXANDER LISTA,

*Defendant.*
_________________________________/

## AGREED MOTION FOR A CONTINUANCE OF THE DECEMBER 2016 TRIAL DATE

The United States of America and Defendant Walter Alexander Lista respectfully move this Court for a continuance of the trial, pursuant to 18 U.S.C. § 3161(c) and the Due Process Clause of the Fifth Amendment, so that the parties can complete the briefing and present oral argument on pending motions to dismiss.In support of this request, the parties submit the following:

1. On August 17, 2016, defendant was arraigned [DE40] on the Superseding Indictment [DE 37], which contained a new set of charges, alleging that the Defendant fraudulently concealed his purported interest in an entirely different entity, Precast Manufacturing of Medley, Inc. (hereinafter "PMM"). These new allegations have now been incorporated into *six of the ten counts* – Counts 4, 6, 7, 8,

9 and 10. No count in the original indictment alleged that the Defendant had a concealed ownership or management position in Medley. Since then, counsel has worked diligently to:

(a) Identify relevant witnesses and commence an investigation of them;

(b) Obtain and review the documents that the Government subpoenaed;

(c) Acquire and examine all public records, incorporation documents, tax returns and the like concerning Medley.

(d) Issue subpoenas for records that the defense did not already have.

(e) Research what, if any, "interest" a person is deemed to have in an asset owned by his spouse.

(f) Retain an expert witness on the "ownership" issue under Florida law.

(g) Examine whatever additional discovery the Government produced to support the new charges.

After investigating the facts and researching the law, defense counsel drafted a Motion to Dismiss Counts 4-10 [DE 51] and provided the draft to the Government for its review. Lista is hopeful that the Government, after carefully considering the legal points and authorities, will reconsider its decision to pursue those new charges, just as it did regarding Counts 2, 7-9 and 11 of the original indictment (concerning two

assets: Precast Depot, Inc., and the transfer of $41,200), which were the subject of an earlier Motion to Dismiss [DE 29].

2. Also pending before the court is Defendant's Motion to Dismiss in Whole or In part Counts 1, 3, 6, 10 and 12 of the Indictment Or, In the Alternative, To Strike All Allegations Relating To a 1997 Jeep Wrangler and Incorporated Memorandum of Law [DE 28]. As defendant notified the court on September 20, 2016 in a *Status Report Concerning Pending Motions* [DE 44], the Motion to Dismiss is still viable, because the Superseding Indictment still contains those allegations, although the numbering of the counts has been altered. That motion now applies to Counts 1, 5, 8 and 10. The Defendant has asked for an evidentiary hearing to resolve that motion.

3. AUSA Matthew Langley was assigned to this case and filed his *Notice of Appearance* [DE 45] after the case was set on the December trial calendar DE 39]. He has scheduling conflicts in December, as he is scheduled for training outside of the district from December 5-15 and has pre-paid travel overseas from December 22 through January 4.

4. If the case is not resolved before by dismissal of counts or some other accommodation, then the parties expect a trial lasting two weeks, including testimony from experts, lawyers and out-of town witnesses. The month of December presents scheduling complications for several witnesses.

5. The parties propose that the Court allow time for full briefing on the pending motions and setting oral argument in the latter part of January, 2016. A decision by the Court could well narrow the issues, if not eliminate the need for certain witnesses.

6. AUSA Langley and attorney Srebnick are counsel in another case pending before Judge Martinez, *United States v. Blessinger*, 16-cr-10017-JEM, which is set for trial on January 23, 2017. Magistrate Judge Snow conducted a hearing last month on the motions to suppress and is expected to enter a Report and Recommendation in the coming weeks, which will then require the parties to draft Objections and prepare for a potential hearing before Judge Martinez. Mr. Srebnick is also trial counsel in *United States v. Arreaza*, 16-cr-20477-RNS, in which Judge Scola "has reserved 2 to 3 days for hearing on motions starting December 6, 2016." *Id.* at DE 84 (*Order Setting Deadlines and Hearing Date*). Given these and other work commitments, Lista's counsel would benefit from additional time to prepare for a trial, should the case not resolve before then.

7. "[T]rial courts have broad discretion to grant continuances when necessary for additional preparation." *United States v. Brantley*, 68 F.3d 1283, 1288 (11th Cir. 1995) (citation omitted). *See also United States v. Correa-Ventura*, 6 F.3d 1070, 1074 (5th Cir. 1993) (grant of additional time may be necessary to allow defendant time to prepare if superseding indictment operates to prejudice defendant); *United States v.*

*Gallo*, 763 F.2d 1504, 1523 (6th Cir. 1985) (court has discretion to grant additional time to defendant to prepare for trial after issuance of superseding indictment); *United States v. Maynie*, 257 F.3d 908, 914-15 (8th Cir. 2000) (same); *United States v. Hawkins*, 765 F.2d 1482, 1487 (11th Cir. 1985) (§ 3161(c)(2) should be applied flexibly according to circumstances surrounding each superseding indictment; balancing test should be applied to weigh government's speedy trial interest against defendant's interest in having reasonable time to prepare for trial); *United States v. Smith*, 24 F.3d 1230, 1234-35 (10th Cir. 1994) (grant of additional time proper to allow defendant to prepare case on superseding indictment containing 8 new counts).

## CONCLUSION

Undersigned and Government counsel propose a trial date in or after February 2017, to allow sufficient time for full briefing, argument and a decision by the Court on the viability of the pending charges, should the Government choose to continue to pursue them.

Respectfully submitted,

**BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Ph.: (305) 371-6421 – Fax: (305) 358-2006
E-mail: HSrebnick@RoyBlack.com

By: /s/ Howard M. Srebnick

HOWARD M. SREBNICK
[Fla. Bar No. 919063]
BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.
201 South Biscayne Boulevard, Suite 1300
Miami, FL 33131
Telephone: (305) 371-6421 Fax: (305) 358-2006

/s John Hasan Ruiz
JOHN HASAN RUIZ
[Fla. Bar No. 928150]
MSP RECOVERY LAW FIRM
5000 S.W. 75th Ave., Suite 400
Miami, FL 33155
Telephone: (305) 614-2222
E-mail: jruiz@msprecovery.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2016, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that this document is being served on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Howard M. Srebnick